IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLT IMPORTS, INC. a/k/a SLT FOODS INC., <br><br> Plaintiff, <br><br> vs. <br><br> GRACE ATLANTIC, LLC, <br><br> Defendant. | Case No. <br><br><br> **VERIFIED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff SLT Imports, Inc. a/k/a SLT Foods Inc. ("SLT") brings this action against Defendant Grace Atlantic, LLC ("Defendant"), and states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition brought to halt Defendant's counterfeiting of SLT's products and to recover SLT's damages and Defendant's profits resulting from such counterfeiting.

## PARTIES

2. SLT is a New Jersey corporation located and doing business at 1059 King Georges Post Road, Suite 101, Edison, NJ 08837. SLT imports into the U.S. and sells throughout the U.S. various food products under the KHAZANA brand.

3. Defendant, Grace Atlantic, LLC, is a New Jersey limited liability company located and doing business at 2 K Reading Rd, Edison, NJ 08817. Defendant recently began to import into the U.S. and sell to customers in the U.S. counterfeit food products. More specifically, Defendant is now using, without SLT's authorization, reproductions, counterfeits, copies, and colorable imitations of SLT's

1

registered KHAZANA mark, SLT's trade name (business name), and SLT's packaging trade dress in connection with the sale, offering for sale, distribution, or advertising of rice and other food products, and by doing so is likely to cause confusion, or to cause mistake, or to deceive.

## JURISDICTION

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant is a New Jersey limited liability company doing business in Edison, NJ, and upon information and belief, Defendant systematically and continuously directs business activities from, towards and into the District of New Jersey through sales and through marketing and advertising on its food products and other goods and services.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## GENERAL ALLEGATIONS

7. SLT imports and sells a variety of food products. In 2001, SLT adopted and began using the trademark KHAZANA, the Indian word for "treasure." SLT has offered food products in the United States under the trademark and KHAZANA since that time. The food products bearing the KHAZANA mark are only imported by SLT. Based on the more than twenty-two years of deliberate and continuous use of the KHAZANA mark, SLT has established common law rights in the mark.

8. SLT is the owner of the following U.S. Trademark Registrations, each for the mark KHAZANA:

| Registration No. | Registration Date | Listed Goods/Services |
|---|---|---|
| 3,582,833 | March 03, 2009 | Artificial rice; Cakes of sugar-bounded millet or popped rice (okoshi); Chinese rice noodles (bifun, uncooked); Dough-based pockets with filling consisting primarily of pasta or rice; Dried cooked-rice; Dried sugared cakes of rice flour (rakugan); Enriched rice; Flour for making dumplings of glutinous rice; Husked rice; Pellet-shaped rice crackers (arare); Pounded rice cakes (mochi); Puffed rice; Rice; Rice and seasoning mix combined in unitary packages; Rice cakes; Rice crackers; Rice dumplings dressed with sweet bean jam (ankoro); Rice flour; Rice noodles; Rice pudding; Rice salad; Rice starch flour; Rice, seasonings, and flavorings combined in unitary packages; Rice-based pudding dessert (arroz con leche); Rice-based snack foods; Snack food chews made primarily from brown rice syrup; Soft pin-rolled cakes of pounded rice (gyuhi); Sweet pounded rice cakes (mochi-gashi); Wholemeal rice. |
| 3,902,391 | January 11, 2011 | All types of flours, namely, barley flour, wheat flour, pearl millet flour and rice flour; all types of spices, namely, red chili, turmeric, coriander, cumin, bay leaves, cloves and mango powder; and chutney; Fresh lentils. |
| 4,054,986 | Nov. 15, 2011 | Fresh and unprocessed edible legumes, namely, split pigeon peas, chickpeas, kidney beans. |

9. True and correct copies of the Certificate of Registration for SLT's U.S. Trademark Registration No. 3,582,833 is attached as Exhibit 1.

10. SLT's U.S. Trademark Registration No. 3,582,833 was originally granted in the name of Sandip Patel. Mr. Patel assigned this registration to SLT

Imports, Inc., more specifically the application resulting in the grant of this registration, on or about January 15, 2009, such that SLT is the owner of this registration. This assignment was recorded in the U.S. Patent and Trademark Office on or about February 16, 2009, at Reel 003936/ Frames 0400-0407. A true and correct copy of this assignment is attached as Exhibit 2.

11. SLT's U.S. Trademark Registration No's. 3,902,391 and 4,054,986 were each originally granted to SLT and have never been assigned. True and correct copies of the Certificates of Registration for SLT's U.S. Trademark Registration No's. 3,902,391 and 4,054,986 are attached as Exhibit 3 and 4.

12. Each of SLT's U.S. Trademark Registrations listed above is "incontestable" as set forth in 15 U.S.C. § 1065, i.e., Section 15 of the Trademark Act. The U.S. Patent and Trademark Office has issued to SLT notices of acknowledgement under Section 15 of the Trademark Act for each of SLT's three U.S. Trademark Registrations listed above. True and correct copies of each of these acknowledgements issued by the U.S. Patent and Trademark Office are attached as Exhibits 5, 6 and 7.

13. Each of SLT's U.S. Trademark Registrations listed above has been renewed and continues to be in full force and effect. The U.S. Patent and Trademark Office has issued to SLT a notice of registration renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, in connection with each of SLT's U.S. Trademark Registrations listed above. True and correct copies of each such notice of registration renewal under section 9 issued by the U.S. Patent and Trademark Office to SLT are attached as Exhibits 8, 9, and 10.

14.     SLT's KHAZANA trademark is a valuable and important asset of SLT and is used by the public to identify SLT as the source of the food products SLT sells.

15.     SLT's packaging for its food includes unique and distinctive trade dress used by the members of the public to identify the products contained therein as originating from SLT. Photos showing this trade dress are reproduced below:

 

16.     Upon information and belief, Defendant recently began to import, and is now distributing and selling, rice and other food products in packaging labeled with the KHAZANA mark. The packaging also replicates the trade dress and other information, including SLT's trade name, employed by SLT on its packaging. Below

are true and correct copies of photographs of the packaging bearing the KHAZANA

mark used by Defendant when offering rice products:





17. Upon information and belief, Defendant has sold KHAZANA labeled food products, including rice, to and through various grocery stores, including without limitation, Sayapatri Nepali grocery store in Linglestown, PA; B&N Grocery in Harrisburg PA; Asian Mini Mart, in Lancaster, PA; Nepali Mart in Columbus, OH; and, Sagarmatha Grocery Store in Winooski, VT.

18. Based on information obtained from ImportGenius, Defendant imported one shipment of Indian basmati rice that arrived in the US on November 11, 2023, and that the gross weight of this shipment weighed 55,880 pounds. Attached hereto as Exhibit 11 are screenshots taken from ImportGenius about this shipment.

19. Defendant uses the term KHAZANA to identify products imported and sold by Defendant that are related to, and in competition with, products sold by SLT under its KHAZANA trademark.

20. Defendant's use of the term KHAZANA, the term SLT, and SLT's trade dress to identify its products without the consent of SLT.

21. The KHAZANA mark used by Defendant is identical to the KHAZANA mark used by SLT, which is the subject of SLT's three trademark registrations identified above.

22. The KHAZANA mark used by Defendant is a reproduction of SLT's registered KHAZANA trademark.

23. The KHAZANA mark used by Defendant is a counterfeit of SLT's registered KHAZANA trademark.

24. The KHAZANA mark used by Defendant is a copy of SLT's registered KHAZANA trademark.

25. The KHAZANA mark used by Defendant is a colorable imitation of SLT's registered KHAZANA trademark.

26. Defendant's use in commerce of the KHAZANA mark, a reproduction, counterfeit, copy, or colorable imitation of SLT's registered KHAZANA mark, in connection with the sale, offering for sale, distribution, or advertising of rice and other food products is likely to cause confusion, or to cause mistake, or to deceive. Likewise, Defendant's use of packaging that is otherwise a reproduction, counterfeit, copy, or colorable imitation of SLT's packaging, including SLT's trade name and SLT's trade dress, is likely to cause confusion, or to cause mistake, or to deceive.

27. When Defendant reproduces, counterfeits, copies, or colorably imitates SLT's registered KHAZANA mark, trade name, and/or trade dress, and applies such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of rice or other food products, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the source or sponsorship of its products.

28. Defendant, by applying the KHAZANA mark to containers for its rice and other food product, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with SLT. Likewise, by applying LST's trade name and trade dress to containers for its rice and

other food product, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with SLT.

29. Defendant, by applying the KHAZANA mark (and SLT's trade name and trade dress) to containers for its rice and other food product, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by SLT.

## COUNT ONE
## TRADEMARK INFRINGMENT, 15 U.S.C. § 1114

30. SLT here incorporates and realleges all matter previously pleaded in this Complaint.

31. Defendant's use of the term KHAZANA (or any other term closely related to SLT's KHAZANA registered trademark) in connection with the sale, offering for sale, distribution, or advertising of rice and other food, is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

32. SLTs extensive, continuous, and exclusive use of KHAZANA as a trademark in the relevant market has resulted in KHAZANA becoming a strong mark and a strong indicator of SLT being the source of food products sold under the KHAZANA trademark.

33. SLT's registered trademark KHAZANA is substantially the same and certainly similar to the KHAZANA mark recently adopted and now being used by Defendant as to appearance, sound, connotation, and commercial impression.

34. The goods sold by SLT under its registered KHAZANA mark, and the goods Defendant offer under the designation KHAZANA, are related to each other and, in fact, directly compete.

35. By adopting the designation KHAZANA and continuing to use this designation, Defendant has demonstrated an intent to create confusion as to source, sponsorship, or affiliation and to trade on the substantial goodwill SLT has acquired related to is register KHAZANA trademark. Further, and in the event Defendants' products so designated are defective or inferior to the products offered by SLT under its register KHAZANA trademark, SLT's goodwill will be damaged.

36. SLT has never authorized, licensed, or otherwise condoned or consented to Defendant's use of SLT's registered KHAZANA trademark.

37. Defendant has infringed, and continue to infringe, SLT's substantial property rights in its registered KHAZANA trademark and the goodwill associated therewith. Unless restrained by the Court, such conduct will permit Defendant to gain an unfair advantage over SLT and allow Defendant to interfere with SLT's business, and the promotion and growth of SLT's business.

38. Defendant's past and ongoing infringement will lead to confusion, mistake, and deception as to the origin of the goods they sell, leading the public to falsely believe that SLT is the source of such goods or that such goods have been approved by SLT.

39. The alleged acts of Defendant in violation of 15 U.S.C. § 1114 were and are, and continue to be committed willfully, and with full knowledge and

understanding of SLT's rights and with the intention to cause confusion, mistake, deception, injury, and hardship.

40. Defendant will continue its ongoing acts of trademark infringement and unfair competition, causing irreparable harm to SLT, unless such activities are restrained by the Court.

41. As a direct and proximate result of Defendant's ongoing wrongful and unlawful activities, SLT has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT TWO**
**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING, 15 U.S.C. § 1125**

40. SLT here incorporates and realleges all matter previously pleaded in this Complaint.

41. Defendant's use of KHAZANA or closely related terms on packaging and containers or the goods (and in advertising, websites, web domains, social media and electronic platforms) is likely to cause confusion, or to cause mistake, or to deceive customers as to affiliation, connection or association between SLT and Defendant in violation of 15 U.S.C. § 1125(a), and is further likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities in violation of 15 U.S.C. § 1125(a).

42. Defendant's use of the SLT trade name, or closely related terms, on packaging and containers or the goods (or in advertising, websites, web domains, social media and electronic platforms) is likely to cause confusion, or to cause

mistake, or to deceive customers as to affiliation, connection or association between SLT and Defendant in violation of 15 U.S.C. § 1125(a), and is further likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities in violation of 15 U.S.C. § 1125(a).

43. Defendant's use of the SLT's trade dress, or closely trade dress, on packaging and containers or the goods (or in advertising, websites, web domains, social media and electronic platforms) is likely to cause confusion, or to cause mistake, or to deceive customers as to affiliation, connection or association between SLT and Defendant in violation of 15 U.S.C. § 1125(a), and is further likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities in violation of 15 U.S.C. § 1125(a).

44. SLT has never authorized, licensed, or otherwise condoned or consented to Defendant's use of SLT's KHAZANA trademark, the SLT trade name, or SLT's trade dress.

45. Defendant has misappropriated, and continue to misappropriate, SLT's substantial property rights in its registered KHAZANA trademark, and the goodwill associated therewith. Defendant has likewise misappropriated, and continue to misappropriate, SLT's substantial property rights in its SLT trade name and SLT's trade dress, and the goodwill associated therewith. Unless restrained by the Court, such conduct will permit Defendant (a) to cause confusion, or to cause mistake, or to deceive customers and potential customers as to affiliation, connection or

association between SLT and Defendant, (b) to cause confusion, or to cause mistake, or to deceive customers and potential customers as to Defendant's products originating from SLT, (c) to cause confusion, or to cause mistake, or to deceive customers and potential customers as to sponsorship or approval of Defendant's products by SLT, (d) to gain an unfair advantage over SLT and allow Defendant to interfere with SLT's business and promotion and growth of its business, and (e) to cause substantial damages to SLT's goodwill and reputation to the extent Defendant's products are defective or inferior to those sold by SLT under its KHAZANA registered trademark.

46. The alleged acts of Defendant were and are, and continue to be committed willfully, and with full knowledge and understanding of SLT's rights and with the intention to cause injury and hardship.

47. Defendant will continue its ongoing acts of unfair competition, causing irreparable harm to SLT, unless such activities are restrained by the Court.

48. As a direct and proximate result of Defendant's ongoing wrongful and unlawful activities, SLT has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT THREE**
**VIOLATION OF NEW JERSEY STATUTE § 56:3-13.16**
**AND COMMON LAW**

49. SLT here incorporates by reference and repleads all prior matter in this Complaint.

50. Defendant has used and is using, without consent of SLT or designee of SLT, reproductions, counterfeits, copies, and/or colorable imitations of SLT's

KHAZANA mark, SLT trade name and SLT's trade dress in connection with the sale, distribution, offering for sale, or advertising in New Jersey of goods, namely rice and other food products. Such use of all or any of SLT's KHAZANA mark, SLT trade name and SLT's trade dress by Defendant is likely to cause confusion or mistake or to deceive as to the source of origin of the goods or services in violation of NJ Stat. § 56:3-13.16 and/or common law.

51. Defendant has engaged in the reproduction, counterfeiting, copying and/or colorable imitation of SLT's KHAZANA mark, the SLT trade name, and SLT's trade dress, and has applied such reproductions, counterfeits, copies and/or colorable imitations to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in New Jersey of the goods including rice and other food products in further violation of NJ Stat. § 56:3-13.16 and/or common law.

**WHEREFORE,** Plaintiff SLT Imports, Inc. a/k/a SLT Foods Inc. prays the following relief:

1. Entry of a temporary restraining order, and preliminary and permanent injunctions, pursuant to 15 U.S.C § 1116, NJ Stat. § 56:3-13.16, and principles of equity, precluding Defendant from engaging in the following activities:

   a. Using the KHAZANA mark and any other colorable imitations of SLT's KHAZANA registered trademark, and SLT's other trademarks, company name, and trade names, and trade dress in any advertisement, promotion, offer for sale, or sale of any goods;

    b. Using in commerce any reproduction, counterfeit, copy, or colorable imitation of the KHAZANA mark without SLT's consent in a manner likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of SLT's products; and

    c. Acting, using, or employing any deceptive act or practice, fraud, false pretense, false promise or misrepresentation, or concealed, suppressed, or omitted material facts in connection with the sale or advertisement of any product.

2. Entry of an order that all products together with all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing any reproduction, counterfeit, copy, or colorable imitation of SLT's KHAZANA mark, the SLT trade name, and SLT's trade dress, and all plates, molds, matrices, and other means of making the same, be delivered up, impounded, and/or destroyed pursuant to 15 U.S.C § 1118, NJ Stat. § 56:3-13.16, and principles of equity.

3. Entry of judgment awarding SLT the profits of Defendant pursuant to 15 U.S.C. § 1117(a), NJ Stat. § 56:3-13.16, and principles of equity.

4. Entry of judgment awarding SLT any damages it has sustained, trebled, pursuant to 15 U.S.C. § 1117.

5. Entry of judgment awarding SLT pre- and post-judgment interest, attorneys' fees, costs, and such further relief as the Court may deem equitable and just.

|  |  |
|---|---|
|  | **SCHUMANN HANLON MARGULIES LLC** |
| Dated: December 14, 2023 | By:   /s/ Seth Abrams<br>Seth A. Abrams<br>30 Montgomery Street, Suite 990<br>Jersey City, New Jersey 07302<br>T: (201) 451-1400<br>F: (201) 432-3103<br>sabrams@shdlaw.com<br><br>and<br><br>**DEWITT LLP**<br>James T. Nikolai (*pro hac vice application to be filed*)<br>Zachary P. Armstrong (*pro hac vice application to be filed*)<br>901 Marquette Avenue, Suite 2100<br>Minneapolis, MN 55402<br>T: (612) 305-1400<br>F: (612) 305-1414<br>jtn@dewittllp.com<br>zpa@dewittllp.com<br><br>***Attorneys for Plaintiff SLT Imports, Inc. a/k/a SLT Foods Inc.*** |

## VERIFICATION

STATE OF NEW JERSEY             )
                                ) ss.:
COUNTY OF MIDDLESEX             )

      SANDIP PATEL, being duly sworn, deposes and says that I am the CEO of the Plaintiff, SLT Imports, Inc. a/k/a SLT Foods Inc., in the above-captioned case captioned and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which re stated on information and belief, I rely on information received from reliable third parties and documentation attached to the complaint and I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

_____
SANDIP PATEL
CEO of the Plaintiff, SLT Imports, Inc. a/k/a SLT Foods Inc